IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION
CLEVELAND, OHIO

| | |
|---|---|
| JEANNE STEIGERWALD,<br>individually and on behalf of all others<br>similarly situated,<br>2890 Wigeon Way, Apt. 103<br>Akron, OH 44319 | CASE NO.<br><br>JUDGE |
| Plaintiff, | |
| vs. | **CLASS ACTION COMPLAINT** |
| BHH, LLC<br>230 Fifth Avenue<br>New York, NY 10001 | **JURY DEMAND ENDORSED HEREON** |
| VAN HAUSER, LLC<br>230 Fifth Avenue, Suite 800<br>New York, NY 10001 | |
| E. Mishan and Sons, Inc.<br>d/b/a/ EMSON INC<br>230 Fifth Avenue, Suite 800<br>New York, NY 10001 | |
| Defendants. | |

Now comes Jeanne Steigerwald, individually and as representative of all others similarly situated, and for her Class Action Complaint states:

<u>**INTRODUCTION**</u>

This is a class action brought by Jeanne Steigerwald, individually and as a putative representative, against Defendants BHH, LLC, Van Hauser, LLC, and E. Mishan and Sons, Inc (herein "Defendants"). Defendants manufacture, market and distribute various electronic home improvement and personal use devices, including electronic pest control devices that allegedly repel pests from the user's house. Steigerwald purchased one of the electronic pest control

devices manufactured and marketed by Defendant. Defendant advertised these devices, stating that they repelled "mice, ants, spiders, and other pests," by "Electromagnetic / Ultrasonic power using wiring within the walls to emit a signal that drives away insects and rodents." However, despite these promises, the device does not repel pests. In fact, Defendant has been marketing and advertising these devices without any proof that the devices repel pests. Defendant has thus breached its contract with Plaintiff and the putative class members, committed fraud, and has been unjustly enriched by its wrongful actions.

## PARTIES

1.      Plaintiff Jeanne Steigerwald is an individual and resident of the State of Ohio.

2.      Defendant BHH, LLC (herein "BHH") is a New York corporation based at 230 Fifth Avenue New York, NY 10001. BHH, LLC is the legally registered trademark holder of Bell+Howell.

3.      Defendant Van Hauser, LLC (hereinafter "Van Hauser") is a New York corporation based at 230 Fifth Avenue, Suite 800 New York, NY 10001. Van Hauser is a licensee of the Bell+Howell trademark.

4.      Defendant E. Mishan and Sons (herein "EMSON") is a New York corporation based at 230 Fifth Avenue, Suite 800 New York, NY 10001. EMSON is a licensee of the Bell+Howell trademark.

## JURISDICTION

5.      Defendants are citizens of the State of New York and Plaintiff is a citizen of the State of Ohio. This is a putative class action which involves more than 100 class members and more than $5,000,000.00 in controversy. This Court has diversity jurisdiction over the present matter pursuant to 28 U.S.C. §1332 et seq.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 et seq.

7.      The products challenged in this action are sold in, among other places, big box retail stores such as Wal-Mart across the State of Ohio, including in Cuyahoga County.

**FACTS**

8.      Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

9.      Plaintiff had pests, including spiders and mice, in and/or around her house.

10.     In or about May of 2013, Plaintiff went to Wal-Mart and purchased a Bell+Howell-trademarked electronic/ultrasonic pest control device manufactured and marketed by Defendant in order to expel these pests from her house.

11.     Defendant BHH licenses the Bell+Howell trademark to Van Hauser and EMSON for the purpose of designing, manufacturing, distributing, marketing, and selling the ultrasonic pest control device purchased by Plaintiff.

12.     The ultrasonic pest control device's packaging labels the device as an "electronic pest repeller" and includes the Bell+Howell trademark, as well as Bell+Howell's corporate logo. The packaging further states the product is "distributed under licensing" by Van Hauser, LLC, New York, NY 10001.

13.     The customer service and product representative contact information listed on the Bell+Howell website at www.bellhowell.com directs consumers to phone numbers and an email address belonging to EMSON.[1]

14.     The EMSON website http://www.emsoninc.com/ lists 36 different Bell+Howell products it manages and markets via direct consumer product television and internet advertising

---

[1] See http://www.bellhowell.com/ (last viewed March 23, 2015);

campaigns and in-store distribution. One of the products is a Bell+Howell trademarked "electromagnetic ultrasonic pest repeller".[2]

15.     The EMSON website states that the company is "Accustomed to strict quality assurance" and a "Manufacturer, not just a wholesaler or rep organization. So Emson has control over quality."

16.     The device's packaging states that it contains "Ultrasonic Pest Repellers" that uses "Ultrasonic sound waves help to eliminate mice, rats, roaches, spiders and ants". The packaging goes on to say "Plug It In ... Drive Pests Out!" An example of the packaging is included here immediately below:



---

[2] See http://www.emsoninc.com/bell-howell (last viewed March 23, 2015);

17.     At Defendants' website http://bellhowellpestrepeller.com/, Defendants further state: "Get rid of mice, ants, spiders and other pests without messy traps or poisons. Ultrasonic power using wiring within the walls to emit a signal that drives away insects and rodents. Plug in unit protects one floor level."[3] "Uses constantly changing ultrasonic signals which most rodents have a difficult time adapting to".

18.     Plaintiff purchased the device based on Defendants' representations.

19.     Indeed, the only reason Plaintiff, or any other class member, purchases this product is to repel pests.

20.     Plaintiff used the device as instructed, expecting that it would perform as advertised and repel pests.

21.     However, the device did not repel pests in and/or around Plaintiff's home.

22.     The scientific literature indicates that these products have no effect on pests.[4]

23.     Defendants had reason to know that their claims and representations about the essential purpose of the product were false and contrary to scientific evidence.[5]

24.     Upon information and belief, despite its representations, Defendants do not possess competent and reliable scientific evidence to support its advertising claims and its sale of these products.

25.     Even though Defendants have known that these devices do not work, they have continued to advertise these devices as effectively controlling pests.

---

[3]See http://bellhowellpestrepeller.com/ (last viewed March 23, 2015);
[4]See http://digitalcommons.unl.edu/cgi/viewcontent.cgi?article=1030&context=vpc14 (last viewed March 23, 2015); http://digitalcommons.unl.edu/cgi/viewcontent.cgi?article=1049&context=vpc14 (last viewed March 23, 2015); http://extension.usu.edu/files/publications/publication/NR_WD_010.pdf (last viewed March 23, 2015); http://www.birddeter.com.au/pdfs/sonicdeterrents.pdf (last viewed March 23, 2015).
[5]See http://www.ftc.gov/news-events/press-releases/2001/05/ftc-warns-manufacturers-and-retailers-ultrasonic-pest-control (last viewed March 23, 2015); See also footnote 3, supra.

26.     Plaintiff and the putative class members relied on these representations, forming the entirety of the advertising, marketing and labeling of these products, that the product would repel pests, but these representations were false, and Plaintiff and the class members have been harmed.

## CLASS ALLEGATIONS

27.     Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

28.     Plaintiff brings this action on behalf of herself and for all other persons similarly situated (herein collectively referred to as "Plaintiffs" or "putative class members") who:

> Purchased one or more electronic pest control devices manufactured and/or marketed by Defendants during the putative class period, including, but not limited to, the Bell+Howell-branded Electronic/Ultrasonic Pest Repellers.

29.     This class numbers over forty (40) persons and is so numerous that joinder of all members is impracticable, and it is further impracticable to bring all such persons before this Court.

30.     The injuries and damages to these class members present questions of law and fact that are common to each class member, and that are common to the entire class as a whole, including:

> a.  Whether Defendants' representations were based on competent and reliable evidence;
>
> b.  Whether Defendants' representations were fraudulent;
>
> c.  Whether Defendants breached their contract with Plaintiff when they failed to provide a device that repelled pests;
>
> d.  Whether Defendants fraudulently represented to Plaintiff that their product would repel pests;

e. Whether Defendants fraudulently represented to Plaintiff that their product was proven to repel pests;

f. Whether Defendants was unjustly enriched in their transactions with Plaintiff.

31. Defendants have engaged in the same conduct regarding all of the other members of the class asserted in this suit.

32. The claims, defenses, and injuries of the representative Plaintiff are typical of the claims, defenses, and injuries of the entire class, and the claims, defenses, and injuries of each class member are typical of those of the entire class.

33. Representative Plaintiff will fully and adequately protect and represent the entire class, and all of its putative class members.

34. The identity of all members of this class cannot be determined at this time, but will be so determined at a later time upon obtaining discovery from Defendants and others.

35. The prosecution of separate actions by each member of this class would create a substantial risk of inconsistent or varying adjudications with regard to individual members of the class that would establish incompatible standards of conduct for Defendants.

36. The prosecution of separate actions would also create a substantial risk of adjudication with respect to individual members of the class which, as a practical matter, would be dispositive of the interest of other members not parties to the adjudication, thereby substantially impairing and impeding their ability to protect these interests. Further, the maintenance of this suit as a class action is the superior means of disposing of the common questions which predominate herein.

**FIRST CLAIM FOR RELIEF**
**Ohio Consumer Sales Practices Act**
**Ohio Revised Code § 1345 et seq.**

37. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

38. This count is brought pursuant to Ohio's Consumer Sales Practices Act, Ohio Revised Code § 1345, et seq. ("CSPA"). At all relevant times hereto, including at all times during the transactions between Plaintiff and Defendant, and the consumer transactions between the putative class members and Defendant, Plaintiff and each of the putative class members were "consumers" as defined in the CSPA, and the transactions were "consumer transactions" as defined in the CSPA.

39. At all relevant times hereto, Defendant was a "supplier" as defined in the CSPA.

40. The CSPA states that "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction." R.C. § 1345.02.

41. The CSPA goes on to state it is a deceptive act or practice for a supplier to represent that "… the subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits that it does not have." R.C. § 1345.02(B)(1).

42. By advertising that its pest repellant products could repel pests when they could not and where there was no objective basis for these representations, Defendant has violated R.C. § 1345.02(B)(1).

43. Furthermore, under the CSPA it is likewise deceptive for a supplier to represent that "… the subject of a consumer transaction is of a particular standard, quality, grade, style, prescription, or model, if it is not." R.C. § 1345.02(B)(2).

44. By representing that its pest repellant products could repel pests when they could not and where there was no objective basis for these representations, Defendant has violated R.C. § 1345.02(B)(2).

45. Providing even more specificity, the Ohio Attorney General has adopted rules pursuant to its authority under R.C. § 1345.05, and which define certain circumstances in which a supplier's acts or practices are deceptive and therefore illegal under the CSPA.

46. O.A.C. 109:4-3-10, ("Substantiation of claims in advertising"), which amplifies the CSPA, states that "[i]t shall be a deceptive act or practice in connection with a consumer transaction for a supplier to:

(A) Make any representations, claims, or assertions of fact, whether orally or in writing, which would cause a reasonable consumer to believe such statements are true, unless, at the time such representations, claims, or assertions are made, the supplier possesses or relies upon a reasonable basis in fact such as factual, objective, quantifiable, clinical or scientific data or other competent and reliable evidence which substantiates such representations, claims, or assertions of fact;…"

47. In connection with the consumer transactions alleged herein, including the consumer transaction between Plaintiff and Defendant, and the consumer transactions between the putative class members and Defendant, Defendant's representations, acts, and/or practices regarding the capabilities of the pest repellant devices challenged in this action were unfair and deceptive in violation of the above-stated rules, to wit:

a. Defendant represented, through the packaging on its devices, online statements, and further advertising that the devices challenged in this suit are effective in repelling pests when there was no substantial, factual basis for those claims.

48. Defendant has continuously and consistently represented that each class product uses "ultrasonic sound waves to help repel" and "drive[] pests out" without any substantial basis whatsoever for those claims. See ¶¶ 15 – 16.

9

49. Defendant's deceptive representations were material to the consumer transaction between Plaintiff and Defendant, and between the putative class members and Defendant.

50. As a result of the conduct described herein, Defendant has knowingly engaged in unfair and deceptive sales practices in violation of the CSPA.

51. These specific practices have already been found to be a violation of the CSPA in the following cases, inter alia: See *State ex rel. Fisher v. Advanced Automotive Technologies, Inc. et al.*[6], Case No. 91CVH021633, PIF No. 10001279; *State ex rel DeWine v. Foster*, Case No. 12CV010630, PIF No. 10003069.

52. Because the above cases are available in the Ohio Public Inspection File, Defendant was and is on notice that its acts and/or practices constitute the same acts or practices that have previously been recognized to violate the CSPA.

53. Moreover, because of the plain language of the O.A.C. Substantive Rules stated above and at O.A.C. § 109:4-3-1 et seq. (specifically, but not limited to, O.A.C. 109:4-3-10(A)), Defendant was and is on notice that its acts and/or practices constitute the same acts or practices that have previously been recognized to violate the CSPA. See ¶ 45.

54. As a direct and proximate result of Defendant's violations, Plaintiff and the putative class members have been injured in an amount to be established at trial.

---

[6] Under the Court's "Conclusions of Law" heading in the *Advanced Automotive Technologies , Inc.* case, the Court states:

…7. Defendants' act or practice of representing that [their products] will [do what Defendants said it was going to do] when in fact, it causes no such positive results, is an unfair and deceptive act or practice in violation of R.C. §1345.02(A) and an unconscionable act or practice in violation of R.C. §1345.03.

8. Defendants' act or practice of <u>making claims to the efficacy [of their products] without having a reasonable basis for making such claims, specifically, without having reliable accurate scientific evidence to support such claims, and without knowing whether such claims are true or false</u> is an unfair and deceptive act or practice in violation of R.C. §1345.02(A) and an unconscionable act or practice in violation of R.C. §1345.03, specifically as it violates O.A.C. 109:4-3-10(A)… (emphasis added).

55.     Plaintiff, on behalf of herself and on behalf of the putative class members, seeks restitution, disgorgement, injunctive relief, and all other relief allowable under O.R.C. §1345 et seq.

## SECOND CLAIM FOR RELIEF
### Fraud

56.     Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

57.     Defendants represented to Plaintiff and all putative class members that their electronic pest control products would repel pests.

58.     These representations as to this characteristic of the product were the essential purpose of the product and, indeed, the only purpose.  It was the only reason anyone would buy the subject product, and, based on these representations, Plaintiff purchased Defendants' electronic pest control product.

59.     These representations were material to the transaction, because Plaintiff would not otherwise have purchased the electronic pest control product.

60.     These representations were false, and Defendants made these representations with knowledge that these claims were false, or, in the alternative, with utter disregard and recklessness as to whether these representations were false, at the time the Defendants marketed and advertised the product.

61.     Defendants made these representations to Plaintiff with the intention that Plaintiff and the putative consumer class members would rely on the representations and purchase the product.

62.     Plaintiff and the putative class members justifiably relied on these representations in purchasing the product.

63.     This reliance on Defendants' representations resulted in injury to the Plaintiff.

64.     As a direct and proximate result of Defendants' fraud and Plaintiff's justifiable reliance upon Defendants' representations, Plaintiff has suffered injury.

65.     Defendants engaged in the same fraud against the putative class members, and they were similarly injured.

### THIRD CLAIM FOR RELIEF
#### Breach of Contract

66.     Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

67.     Defendant offered its electronic pest control product for sale.

68.     Plaintiff responded to Defendants' offer by purchasing the product.

69.     Plaintiff paid for the product and performed any other conditions precedent required, or they were waived.

70.     A material term of that contract was for Defendants to supply a product which repelled pests.

71.     In breach of contract, Defendants did not provide a product which repelled pests.

72.     As a direct and proximate result of Defendants' breach of contract, Plaintiff has suffered damages.

73.     Defendants engaged in the same conduct against the class members, breaching its contracts with them, and the class members were similarly damaged.

### FOURTH CLAIM FOR RELIEF
#### Breach of Express Warranty

74.     Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

75.     Plaintiff, and each member of the putative class, formed a contract with Defendants at the time they purchased the pest control product. The terms of that contract include the promises and affirmations of fact made by Defendants on the labels of the products and through its marketing campaign, as alleged above. This product labeling and advertising constitutes express warranties, became part of the basis of the bargain, and is part of a standardized contract between Plaintiff and the putative members of the class on the one hand, and Defendants on the other.

76.     The affirmations of fact made by Defendants were made to induce Plaintiff and the putative class members to purchase the products.

77.     Plaintiff and the putative class members relied on Defendants' affirmations in purchasing the products.

78.     All conditions precedent to Defendants' liability under the warranty have been performed by Plaintiff and the putative class members or have been waived.

79.     Defendants breached the terms of the express warranty because the products did not conform to the description provided by Defendants, to wit: that the product would repel pests.

80.     As a result of Defendants' breach of warranty, Plaintiff and the putative class members have been damaged in the amount to be determined according to proof at the time of trial.

## FIFTH CLAIM FOR RELIEF
### Unjust Enrichment

81.     Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

82. This claim is asserted in the alternative to a finding of breach of contract. This claim asserts that it is unjust to allow Defendants to retain profits from their deceptive, misleading, and unlawful conduct alleged herein.

83. Plaintiff and the putative class members paid monies in exchange for a benefit that they did not receive – electronic pest control devices that conformed to the promises in Defendants' advertisements and other media communications.

84. Defendants received a benefit because it accepted payment of these monies.

85. Defendants have knowledge or an appreciation of the benefit conferred upon it by Plaintiff and the putative class members.

86. Retention of this benefit is unjust and inequitable because Defendants did not provide in exchange for the payments products that conformed to Defendants promises.

87. As a direct and proximate result of Defendants' misconduct, Defendants has been unjustly enriched.

88. Plaintiff and the putative class members are entitled to restitution and/or disgorgement of all profits, benefits, and other compensation obtained by the Defendants from their deceptive, misleading, and unlawful conduct.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff demands judgment as follows:

1. For an Order determining at the earliest possible time that this matter may proceed as a class action under Civil Rule 23 and certifying this case as such;

2. For compensatory damages;

3. For punitive damages;

4. For reasonable costs and attorney fees necessarily incurred herein pursuant to common law and/or R.C. § 1349.09(F);

5. For such other or further relief as this Honorable Court deems Plaintiff and the class entitled.

Respectfully submitted,

/s/Patrick J. Perotti
Patrick J. Perotti, Esq. (#0005481)
Nicole T. Fiorelli, Esq. (#0079204)
Frank A. Bartela, Esq. (#0088128)
**DWORKEN & BERNSTEIN CO., L.P.A.**
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391 // (440) 352-3469 Fax
Email: *pperotti@dworkenlaw.com*
*nfiorelli@dworkenlaw.com*
*fbartela@dworkenlaw.com*

Attorneys for Plaintiff

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby requests that the within matter be tried by a jury of the maximum number allowed by law.

/s/ Patrick J. Perotti
Patrick J. Perotti, Esq. (#0005481)
**DWORKEN & BERNSTEIN CO., L.P.A.**

One of Attorneys for Plaintiff