UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jeanne Steigerwald, | ) | CASE NO. 1:15 CV 741 |
| individually and on behalf of | ) | |
| all others similarly situated, | ) | |
|        Plaintiff | ) | JUDGE PATRICIA A. GAUGHAN |
|        vs. | ) | |
| | ) | |
| BHH, LCC, Van Hauser, LLC, | ) | Memorandum of Opinion and Order |
| and E. Mishan and Sons, Inc. | ) | |
|        Defendants. | ) | |

**Introduction**

This matter is before the Court upon defendants' Motion to Dismiss Plaintiff's Class Action Complaint (Doc. 12). This case involves consumer sales of electronic pest control devices. For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

**Facts**

Plaintiff Jeanne Steigerwald filed this Class Action Complaint against defendants BHH, LLC; Van Hauser, LLC; and E. Mishan and Sons, Inc dba EMSON, Inc. The Complaint alleges the following.

Defendants manufacture, market, and distribute electronic pest control devices that

1

allegedly repel pests from the user's home. Despite defendants' advertisements stating that the devices repel mice, ants, spiders, and other pests by electromagnetic/ultrasonic power using wiring within the walls to emit a signal, the devices do not repel pests.

In order to expel pests from her house, plaintiff went to a Wal-Mart in May 2013 and purchased a Bell+Howard-trademarked electronic/ultrasonic pest control device manufactured and marketed by defendant. Defendant BHH licenses the Bell+Howard trademark to defendants Van Hauser and EMSON for the purpose of designing, manufacturing, distributing, marketing, and selling the ultrasonic pest control device purchased by plaintiff. The device's packaging labels it as an "electronic pest repeller" and states that it uses "ultrasonic sound waves [to] help to eliminate mice, rats, roaches, spiders, and ants." Defendants' website also states that the device uses ultrasonic power to emit a signal to drive away insects and rodents. Plaintiff purchased the device based on defendants' representations. Although plaintiff used the device as instructed, it did not repel pests in and/or around plaintiff's home. The scientific literature indicates that these products have no effect on pests. Defendants had reason to know that their claims and representations were false and contrary to scientific evidence, but they continued to advertise the devices as effectively controlling pests.

Five claims are asserted. Count One alleges a violation of the Ohio Consumer Sales Practices Act (O.R.C. § 1345, *et seq.*) (OCSPA). Count Two alleges fraud. Count Three alleges breach of contract. Count Four alleges breach of express warranty. Count Five alleges unjust enrichment. In her brief, plaintiff states that she is not pursuing her breach of contract and unjust enrichment claims and, therefore, does not oppose dismissal of those claims.

This matter is now before the Court defendants' Motion to Dismiss Plaintiff's Class

2

Action Complaint.

### **Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ).  In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997).  As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.  A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678.  The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

3

**Discussion**

**(1) Ohio Consumer Sales Practices Act**

Defendants argue that this claim must be dismissed because it does not sufficiently allege that defendants had prior notice that their alleged conduct was "deceptive or unconscionable." O.R.C. § 1345.09(B). This Court has previously stated,

> To pursue a class action claim under the OCSPA, plaintiff must allege that defendant had prior notice that its conduct was 'deceptive or unconscionable.' O.R.C. § 1345.09(B); *Johnson v. Microsoft Corp*., 155 Ohio App.3d 626, 636 (Ct.App.2003). To adequately plead prior notice under O.R.C. § 1345.09(B), plaintiff must allege either that 'a specific rule or regulation has been promulgated [by the Ohio Attorney General] under R.C. 1345.05 that specifically characterizes the challenged practice as unfair or deceptive,' or that 'an Ohio state court has found the specific practice either unconscionable or deceptive in a decision open to public inspection.' *Johnson*, 155 Ohio App.3d at 636. Lack of prior notice requires dismissal of class action allegations. *Bower v. International Business Machines, Inc*., 495 F.Supp.2d 837, 841 (S.D.Ohio 2007).
>
> To qualify as sufficient notice, the defendant's alleged violation of the OCSPA must be 'substantially similar to an act or practice previously declared to be deceptive by one of the methods identified in R.C. 1345.09(B).' *Marrone v. Philip Morris USA, Inc*., 110 Ohio St.3d 5, 6 (2006). 'Substantial similarity means a similarity not in every detail, but in essential circumstances or conditions.' Id. at 10. 'Cases that involve industries and conduct very different from the defendant's do not provide meaningful notice of specific acts or practices that violate the CSPA.' *Id*. at 9.

*Pattie v. Coach, Inc.,* 29 F.Supp.3d 1051 (N.D.Ohio 2014).

Count One of the Complaint alleges defendants represented through packaging of the devices, online statements, and further advertising that the devices are effective in repelling pests when there was no substantial basis for such claims.  (Compl. ¶ 47) Further,

> These specific practices have already been found to be a violation of the CSPA in the following cases, inter alia : See *State ex rel. Fisher v. Advanced Automotive Technologies, Inc. et al.*, Case No. 91CVH021633, PIF No. 10001279; *State ex rel DeWine v. Foster*, Case No. 12CV010630, PIF No. 10003069.

(Compl. ¶ 51)

4

Defendants contend that the two cases[1] cannot serve as the basis for prior notice because they involve default judgments, and the industries and conduct involved are very different from the alleged conduct herein.

This Court has previously found that default judgments cannot serve as the basis for prior notice. *Pattie,* 29 F.Supp.3d at 1057. Plaintiff recognizes that both cases are default judgments and that this Court previously found, in *Pattie,* that default judgments do not provide sufficient notice under the OSCPA. But, plaintiff "respectfully requests this Court reach a different conclusion here, because there is no language in R.C. 1345.09 that prevents consent judgments, or default judgments, from constituting notice." (Doc. 13 at 5-6) Plaintiff points out that the language of the Ohio statute states only that there is sufficient notice where the act or practice has been "determined by a court of this state to violate section 1345.02, 1345.03, or 1345.031 of the Revised Code" and the decision is contained in the Attorney General's public inspection file. There is no restriction in the language of the statute as to what form the decision must be in to provide notice. The legislature could have included language preventing the use of default judgments, but did not do so. Accordingly, plaintiff maintains that the plain language of the statute does not prevent the use of default judgments.[2]

Defendants contend that there is no reason for this Court to depart from its ruling in *Pattie* and that the absence of a specific prohibition against the use of default judgments in the

---

[1] The two cases are 1991 and 2012 Franklin County Court of Common Pleas orders available in the Ohio Public Inspection File.

[2] The plaintiff in *Pattie* was represented by the same counsel as representing the plaintiff herein. The plaintiff in *Pattie* made the same argument that "[t]here is no language in R.C. 1345.09 that prevents consent judgments, or default judgments, from constituting notice." Case No. 1:14 CV 628, Doc. 7 at 5.

5

statute cannot be extrapolated to signify the legislature's deliberate intent not to exclude them. This Court agrees. There is no basis for this Court to change its previous conclusion that 'it is clear that the reference to a court's 'determination' in § 1345.09(B) is a reference to a court's final determination, *i.e,* a judgment with supporting reasoning." *Pattie*, 29 F.Supp.3d at 1056 (citations omitted). Thus, default judgments cannot serve as the basis for prior notice.

Defendants additionally argue that the two cases cannot serve as the basis for prior notice because they involve different industries and conduct. Although the Court need not address this issue, it agrees that, at a minimum, the cases involve different industries. The herein case involves the home pest control industry. *State ex rel. Fisher v. Advanced Automotive Technologies, Inc. et al.* involved a device called a "PetroMizer" which defendants represented in full page newspaper advertisements would increase fuel mileage, reduce emissions, and increase horsepower on gasoline and diesel powered engines in motor vehicles although the device had no such positive results. *State ex rel DeWine v. Foster* involved misrepresentations by a seller of water purification systems including statements regarding customer service, health benefits of the systems, warranties, and refund policies.

The Court additionally notes that the conduct herein differs from those two cases. Here, defendants' representations are alleged to have been made on a website and the device packaging. *Advanced Automotive* involved full page newspaper advertisements and *Foster* involved misrepresentations made to consumers when entering into a contract with defendant to purchase the water purification system.

Plaintiff asserts the herein case and *Advanced Automotive* both involve statements of a product for which there was no reasonable basis given the existence of contrary evidence. But,

6

*Advanced Automotive* involved misrepresentation of test results or the representation of test results that did not exist. Likewise, plaintiff asserts that *Foster* is analogous because defendant's representations to his customers about the benefits of the purification systems and its warranties are similar to the herein defendants' false representations about the benefits of the pest devices. That case, however, was based on defendant's misconduct in, *inter alia,* failing to install the systems, installing the systems in a shoddy manner, and failing to provide refunds although the contracts provided for such.  Thus, the Court does not find the case to be analogous.

For these reasons, the OCSPA claim is dismissed for failure to allege prior notice. [3]

**(2) Fraud**

Defendants assert that the Complaint does not meet the heightened pleading standard for fraud. Defendants contend that plaintiff fails to identify the specific Wal-Mart from which she purchased the device, the time and date of purchase, the individual making the representations, the fraudulent scheme, and the resulting injury. Nor does she allege details about the surrounding circumstances of the alleged fraud with respect to the putative class members. The Complaint does not allege when the class members purchased the product.

 "Fed. R. Civ. Proc. 9(b) requires plaintiffs to plead the circumstances of the fraud with particularity; at a minimum they must plead the time, place and content of the alleged misrepresentation, the defendant's fraudulent intent, and the resulting injury." *Starkey v. JP Morgan Chase Bank, N.A.,* 2013 WL 6669268 (S.D.Ohio Dec.18, 2013).

---

[3] To the extent plaintiff maintains that O.R.C. §§ 1345.02(B)(1) and 1345.02(B)(2) constitute sufficient notice, the Ohio Supreme Court has ruled that general prohibitions of this type do not constitute the required notice. *Marrone v. Philip Morris USA, Inc.,* 110 Ohio St.3d 5 (2006).

Plaintiff counters that her Complaint alleges she purchased the device at a Wal-Mart store in May 2013, and the exact time and place of purchase is unnecessary. She further alleges that the device's packaging contained the knowingly false representation that the ultrasonic sound waves would drive the pests away. Plaintiff would not have purchased the device but for these representations. The Complaint alleges generally that "plaintiff has suffered injury" and that the putative class members "were similarly injured."  Plaintiff states in her brief that she and the other purchasers "were damaged in the amount of the purchase price."  (Doc. 13 at 11)

The Court finds that the Complaint alleges enough to survive a motion to dismiss given that it alleges plaintiff purchased the device in May 2013 at a Wal-Mart store with defendants' packaging containing the false representations.[4]

For these reasons, the fraud claim survives dismissal.

**(3) Breach of express warranty**

Defendants assert that this claim must be dismissed for failure to notify and because marketing campaigns and advertisements about a product are not sufficient to create an express warranty.  Plaintiff disputes both bases.

Under Ohio law, to state a claim for breach of express warranty, plaintiff must provide the defendant with reasonable notice of the defect.  Failure to plead pre-litigation notice requires dismissal of a breach of warranty claim.  *St. Clair v. Kroger Co.,* 581 F.Supp.2d 896 (N.D.Ohio 2008). Defendants point out that plaintiff has not alleged that it notified defendants that the

---

[4] This Court found the Complaint in *Pattie, supra,* to insufficiently plead fraud where plaintiff only alleged that she received the fraudulent coupons "in Spring 2013 at a Coach factory store."  The Court noted that "Spring of 2013" would encompass a several month time span.

8

product did not repel pests as advertised. Plaintiff disagrees, relying on *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.,* 42 Ohio St.3d 40 (1989).

This Court previously recognized in *The Lincoln Electric Co. v. Technitrol,* 718 F.Supp.2d 876 (N.D.Ohio 2010), that although the Ohio Supreme Court stated in *Chemtrol* that "in a proper case the filing of a civil complaint could serve as notice of breach,"

> [s]ince Chemtrol, Ohio courts and federal courts applying Ohio law have continued to hold that a plaintiff must notify a defendant of the alleged breach prior to the complaint... The Court recognizes that under *Chemtrol,* Ohio does not have a per se rule that the filing of a complaint cannot constitute notice under § 1302.65(C)(1), but the Ohio Supreme Court was clear that a complaint could only constitute notice in "a proper case." The circumstances in this case are similar to the circumstances described by the court in *Chemtrol* that would preclude the complaint from constituting sufficient notice: defendant had no prior knowledge of the defects, and the complaint was filed a long period of time after plaintiff's damages were sustained.

*Lincoln Electric,* 718 F.Supp.2d at 843.

Plaintiff asserts that this is a "proper case" and, unlike in *Lincoln Electric* where defendant had no prior knowledge of the defects, the Complaint herein alleges that defendant knew of the defects:

> 23. Defendants had reason to know that their claims and representations about the essential purpose of the product were false and contrary to scientific evidence.
>
> 25. Even though defendants have known that these devices do not work, they have continued to advertise these devices as effectively controlling pests.
>
> 60. These representations were false, and defendants made these representations with knowledge that these claims were false, or, in the alternative, with utter disregard and recklessness as to whether these representations were false, at the time the defendants marketed and advertised the product.

Plaintiff also contends that unlike cases of broken products where notice could give a defendant an opportunity to resolve an issue, notice here would have been futile given that none of the

9

devices worked.

Defendants note that plaintiff cites no authority that constructive knowledge (as alleged in ¶ 23) is sufficient to constitute prior knowledge of the defect. Defendants also assert that this is not the "proper case"where the filing of the Complaint constitutes notice given the time that lapsed between plaintiff's purchase (May 2013) and the filing of the Complaint (April 2015).

The Court determines that this claim is not subject to dismissal on the Motion to Dismiss as it generally involves issues of fact. *Lincoln Electric, supra* (citing *Chemtrol,* supra).[5] Finally, plaintiff points out that under Ohio law, it is required only to notify the immediate seller, i.e., Wal-Mart, which is not a party herein. Defendants do not address this assertion. Additionally, the issue of the existence of an express warranty is also a factual inquiry.

For these reasons, the breach of express warranty claim survives dismissal.

**Conclusion**

For the foregoing reasons, defendants' Motion to Dismiss Plaintiff's Class Action Complaint is granted as to Count One and denied as to Counts Two and Four.

IT IS SO ORDERED.

                                            /s/ Patricia A. Gaughan
                                            PATRICIA A. GAUGHAN
Dated: 9/21/15                       United States District Judge

---

[5] Similarly, in *Galoski v. Stanley Black & Decker, Inc.,* Case No. 1:14 CV 553 (N.D.Ohio August 14, 2014) (Doc. 23 at 10), the district court denied the motion to dismiss the breach of express warranty claim for insufficient pre-litigation notice given that the Ohio Supreme Court has recognized that whether adequate notice was timely provided is a question of fact and the complaint had alleged that defendant was aware that the pest repelling devices did not work when it advertised and offered them for sale.