IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

| | | |
|---|---|---|
| JEANNE STEIGERWALD, individually and on behalf of all others similarly situated, | ) ) ) ) | CASE NO. 1:15-CV-00741 |
| | ) | JUDGE PATRICIA A. GAUGHAN |
| Plaintiff, | ) ) | **DEFENDANTS' REPLY MEMORANDUM** |
| vs. | ) ) | **OF LAW IN SUPPORT OF THEIR** |
| | ) | **MOTION FOR SUMMARY JUDGMENT** |
| BHH, LCC, VAN HAUSER, LLC, | ) | **PURSUANT TO FEDERAL RULE** |
| and E. MISHAN AND SONS, INC., | ) ) | **OF CIVIL PROCEDURE 56(c)** |
| Defendants. | ) ) | **ORAL ARGUMENT REQUESTED** |

NOW COME Defendants, BHH, LLC, VAN HAUSER, LLC, and E. MISHAN AND SONS, INC., by and through their counsel, LEAHY, EISENBERG, AND FRAENKEL, LTD., and for their Reply Memorandum of Law in Support of their Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56(c), state as follows:

## INTRODUCTION

In her Brief in Opposition to Defendants' Motion for Summary Judgment, Plaintiff confirms that she is unable to surmount Defendants' position that the inadmissibility and exclusion of her proffered expert's opinion testimony leaves Plaintiff with no evidence to establish an essential element of her claims that the Bell+Howell devices are incapable of repelling pests as represented, and thus precludes Plaintiff from meeting her burden of proof at trial. Plaintiff does not contest the fact that she has proffered no other expert testimony to fulfill the same evidentiary function, and is unable to deny that in the absence of such evidence, she cannot prevail on her claims as a matter of law. Instead, Plaintiff impermissibly attempts to shift the burden of proof to *Defendants*, arguing that *Defendants* lack sufficient

1

evidence to establish that the Bell+Howell devices *are capable* of repelling pests as represented. To bolster this misplaced argument, Plaintiff focuses on supposed shortcomings in the testimony of Defendants' expert witness and invokes hearsay allegations by the FTC as to ultrasonic pest-control devices in general and other manufacturers of such devices. In so doing, however, Plaintiff fails to recognize that Plaintiff cannot satisfy her burden of proof at the summary-judgment stage by arguing that *Defendants'* evidence is insufficient to affirmatively *disprove* Plaintiff's claims. As such, Plaintiff has provided the Court with no legitimate reason against entering summary judgment in favor of Defendants.

## ARGUMENT

### I. Plaintiff Has No Evidence to Satisfy Her Burden of Proof to Establish that the Bell+Howell Devices Are Incapable of Repelling Pests as Represented.

In support of their Motion for Summary Judgment, Defendants explained that the absence of expert testimony—due to Richard Kaae's lack of qualifications to testify as an expert in this case and/or the inadmissibility of Kaae's wholly unreliable opinions—leaves Plaintiff with no evidence to establish that the Bell+Howell devices are incapable of repelling the pests identified on the product's packaging, which precludes Plaintiff from meeting her burden to establish a prima facie case for her Fraud and Breach of Express Warranty claims. (Doc. #33-1 at 7-8). Defendants further explained that even if the Court finds that Kaae is qualified to testify as an expert and admits Kaae's opinions, or excludes them in part only, Plaintiff still cannot satisfy her burden to prove that the Bell+Howell devices are unable to repel pests as represented, because Kaae's opinions, at best, pertain only to the ability of the devices to repel Argentine ants when the devices are *not* used as instructed. (*Id*. at 8-9).

In her Brief in Opposition, Plaintiff utterly fails to put forth the evidence necessary to

establish an essential element of her claims—*i.e.*, that the Bell+Howell devices are incapable of repelling pests as represented. Instead, Plaintiff attempts to improperly shift the burden of proof to *Defendants*, contending that *Defendants* lack sufficient evidence to establish that the Bell+Howell devices *are capable* of repelling pests as represented. (Doc. #38 at 5-7). Emblematic of Plaintiff's arguments and overall position are her assertions that "Defendants have no evidence [that] their products work as they represented to consumers across the country," and that "Defendants continue to sell their 'ultrasonic pest repellers' with no evidence they work for the reason consumers purchased them." (*Id*. at 2, 5).

Plaintiff, however, cannot hope to withstand Defendants' Motion for Summary Judgment by attempting to abdicate her own burden of proof and impermissibly foist the burden onto Defendants, complaining that Defendants have no evidence to affirmatively disprove her case. *See Scola v. Publix Supermarkets, Inc.*, 557 F.App'x 458, 471 (6th Cir. 2014) ("in federal court, Defendant's burden at the summary-judgment stage is not to actively disprove Plaintiff's case"); *Pride of the Hills MFG. Inc v. Resources-Appalachia, LLC*, 2011 U.S. Dist. LEXIS 59794, *35 (N.D. Ohio 2011) ("[t]he party moving for summary judgment is not required to disprove the opponent's claims or defenses"); *Costoff v. Akron Gen. Med. Ctr.*, 2004-Ohio-5166, ¶ 9 (Ct. App. 2004) ("there is no requirement in Civ. R. 56 that the moving party support its motion for summary judgment with any affirmative evidence").

At this stage in the litigation, Plaintiff "must come forward with probative evidence tending to support the complaint." *Steward v. New Chrysler*, 415 F. App'x 632, 640 (6th Cir. 2011) (internal quotations omitted). Beyond an attempt at improper burden-shifting, however, Plaintiff offers no meaningful response to Defendants' arguments in support of summary judgment. The testimony of Plaintiff's proffered expert witness, Kaae, is woefully insufficient

to establish that the Bell+Howell are incapable of repelling pests. Nor has Plaintiff put forth any *competent* evidence to affirmatively establish this essential element. *See Ulmer v. Dana Corp.*, 200 F.Supp.2d 804, 816 (N.D. Ohio 2002) ("Rule 56(e) requires the nonmoving party to...present some type of evidentiary material in support of its position"); *Harris*, 201 F.3d at 802 ("[t]he nonmoving party must identify specific facts, supported by evidence...").

Instead, Plaintiff is able only to cast dispersions on Dr. Brown's testimony and the Bell+Howell Efficacy Tests in a misdirected effort to improperly shift the burden of proof to Defendants. Again, this is a legally improper tactic and will not enable Plaintiff to survive Defendants' Motion for Summary Judgment. *See e.g.*, *Evenson v. Palisades Collection, LLC*, 2015 U.S. Dist. LEXIS 70516, *9 (S.D. Ohio 2015) (where an element of the plaintiff's FDCPA claim required her to establish that the "debt" arose out of a transaction "primarily for personal, family or household purposes," and the plaintiff argued that defendants should have identified the account as a business account to avoid FDCPA liability, the court stated that the plaintiff's argument "constitutes an impermissible attempt to shift the burden of proof regarding the nature of the account to the defendants," and accordingly held that the "plaintiff's FDCPA claim cannot survive defendants' motion for summary judgment"). Plaintiff also improperly relies on purported FTC warnings to other manufacturers about ultrasonic pest-control devices in general, which have no evidentiary value insofar as the ability of Bell+Howell devices ability to repel pests as represented is concerned, and they cannot be considered on a motion for summary judgment in any event. *See Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994) (it is well established that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment).

For their part, Defendants satisfied their burden to show that in the absence of expert

testimony, Plaintiff has no evidence from which to establish an essential element of her claims that the Bell+Howell devices are incapable of repelling pests as represented. *See Harris v. GMC*, 201 F.3d 800, 802 (6th Cir. 2000) ("[u]nder Rule 56(c), defendant bears an initial burden of demonstrating that an essential element of the non-moving party's case is lacking"); *Scola*, 557 F.App'x at 471 ("the burden on the moving party...may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case"); *Pride of the Hills*, 2011 U.S. Dist. LEXIS 59794, *35-36 ("[t]he moving party's burden is often satisfied by pointing out for the Court an absence of evidence in support of the non-moving party's claims or defenses"). As such, the Court should enter summary judgment in favor Defendants accordingly.

## II. Even if the Court Admits Kaae's Testimony, or Only Partially Excludes His Opinions, Plaintiff Still Has No Evidence to Satisfy Her Burden of Proof.

Even if Kaae's opinions are admitted, or excluded only in part, Defendants still are entitled to summary judgment, because Kaae's testimony is insufficient to satisfy Plaintiff's burden to prove that the Bell+Howell devices are unable to repel pests as represented. Kaae's testimony fails to satisfy Plaintiff's burden of proof in three ways. First, Kaae's testing of the devices was limited to the Argentine ants only. At his deposition, Kaae agreed that he has no opinion as to the ability of the Bell+Howell devices to repel any other insect, pest, or species of ant. (Doc. #33-2 at 129-130). Since Kaae's limited testing pertains only to a singular species of ant, his opinion testimony cannot serve as evidence to establish that the Bell+Howell devices are unable to repel any of the other types of pests identified on the product's packaging—*i.e.*, mice, rats, roaches, spiders and [non-Argentine] ants.

5

Second, Kaae's testing and resultant opinions relate to the capability of the Bell+Howell devices to repel Argentine ants when the devices are *not* used as intended. It is undisputed that Kaae tested the devices contrary to the product's instructions and intended use. The Bell+Howell devices are to be used indoors only, but Kaae chose to test the devices outdoors. The devices are not to be exposed to moisture and food sources are to put away, but Kaae ignored these instructions and warnings. Thus, at most, Kaae's opinions relate to the ability of the devices only to repel Argentine ants when used contrary to the manner intended.

Third, Kaae failed to include a "control" in his testing and thus could not state how many ants the devices actually repelled. Defendants never represented that the devices will completely repel *all* ants when the devices are used outdoors with an attractive food source intentionally provided. No product manufacturer can be responsible for the effectiveness of its product where the user deliberately uses the product in a manner directly contrary to the product's intended use. Therefore, even with the admission of Kaae's opinion testimony, Plaintiff cannot satisfy her burden to establish that the Bell+Howell devices are incapable of repelling the pests identified on the packaging as represented.

**III. Plaintiff Cannot Establish the Required "Notice" Element of Her Breach of Express Warranty Claim, Providing Yet Another Basis on Which to Grant Summary Judgment in Favor of Defendants on the Claim.**

Defendants previously explained that Plaintiff's failure to provide Defendants with pre-suit notice of their alleged breach of warranty precludes Plaintiff from establishing the notice element of her Breach of Express Warranty claim, and thus warrants the entry of summary judgment in favor Defendants. (Doc. #33-1 at 10-11). Defendants further explained—recognizing that in *Chemtrol Adhesives, Inc. v. American Mfrs. Mut. Ins. Co.*, 42 Ohio St. 3d 40, 54, 537 N.E.2d 624, 638 (1989), the Ohio Supreme Court held that the failure to provide

*pre-suit* notice is not necessarily fatal to a breach of express warranty claim and that in "a proper case" the filing of a civil complaint could serve as notice of the breach—that Plaintiff must come forward with evidence to show that this is "a proper case" so as to excuse the pre-suit notice requirement. (Doc. #33-1 at 11). However, Defendants argued, Plaintiff has not and cannot put forth such evidence, Defendants are entitled to summary judgment. (*Id.*)

In response, Plaintiff devotes considerable effort to tracing the line of cases addressing the notice requirement for the ostensible purpose of showing that *Chemtrol* remains "good law," such that the filing of a complaint could serve as notice in "a proper case." (Doc. #38 at 8-12). Plaintiff also delves into the underlying purposes to be served by the notice requirement, arguing that because notice to Defendants through the filing of her complaint did not thwart the underlying purposes of the notice requirement, the filing of her complaint she be deemed to constitute adequate notice. (*Id*. at 12-14). Finally, Plaintiff argues that because pre-suit notice would not have enabled Defendants to cure the alleged breach any more than notice through the filing of her complaint, her complaint is sufficient notice. (*Id*. at 14).

Plaintiff relies on *Galoski v. Applica Consumer Products*, 2015 WL 5093443 (N.D.Ohio 2015), in which the court held that the factually similar case presented a "proper circumstance" so as to allow the filing of the complaint to fulfill the notice requirement. (Doc. #38 at 13). As the basis for its ruling, the court reasoned that: (1) the plaintiff potentially would be able to establish that the defendant had actual or constructive of the alleged defect prior to the filing of the lawsuit, thereby obviating the need for pre-suit notice; and (2) the nature of the defect prevented the defendant from being able to cure the defect through repair or replacement even if it had been given the opportunity to do so, because "the defect is not in

7

the individual item purchased but within the design and efficacy of the product line in general," again obviating the need for pre-suit notice. *See Galoski*, 2015 WL 5093443, *6.

Plaintiff's attempt to convince the Court that the filing of her complaint constitutes sufficient notice, fails in light of the particular circumstances of this case. Even accepting that "[*Chemtrol*'s] holding has not been overruled and is Ohio law now," as Plaintiff urges, the holding of *Chemtrol* actually undermines Plaintiff's position. While the court undeniably stated that "in a proper case the filing of a civil complaint could serve as notice of breach," the court also definitively held that if a complaint is filed two years after the damages were sustained, the "complaint would be inadequate notice as a matter of law." *Chemtrol*, 42 Ohio St. 3d 40 at 54. This case fits squarely within *Chemtrol*, and requires the same conclusion.

Here, just as in *Chemtrol*, Plaintiff filed her complaint two years (or just shy of two years) after she sustained damages. "In or about May of 2013, Plaintiff went to Wal-Mart and purchased a Bell+Howell-trademarked electronic/ultrasonic pest control device manufactured and marketed by Defendant…" (Doc. #1, ¶ 10). Plaintiff plugged the devices in the same day, which was in "April, May, right around there…" (Doc. #19-7 at 55, 59). The very next day, Plaintiff noticed mouse activity continuing in her home and determined the devices did not work. (*Id*. at 57, 60). As such, Plaintiff sustained her damages at in April or May 2013. On April 16, 2015, Plaintiff filed her complaint against Defendants. (Doc. #1). Defendants had no knowledge of the alleged breach prior to the filing of Plaintiff's complaint, and Plaintiff has offered no evidence to show otherwise. Defendants, therefore, first received notice two years after Plaintiff's damages were sustained, and under *Chemtrol*, Plaintiff's complaint constitutes "inadequate notice as a matter of law." *Chemtrol*, 42 Ohio St. 3d 40 at 54; *see also*, *Coupled Prods., LLC v. Modern Mach. Tool Co.,* 2014 U.S. Dist. LEXIS 9288, *37-38 (N.D. Ohio

2014) (complaint was adequate notice where plaintiff "did not file suit until roughly eight months after it accepted the goods"); *Bako v. Crystal Cabinet Works*, 2001 Ohio 3244 (Ct. App., 2001) (seven months or longer is untimely notice under R.C. 1302.65).

Additionally, *Chemtrol*'s holding renders meritless Plaintiff's argument that her complaint constitutes sufficient notice since the underlying purposes of the notice requirement were not frustrated by the failure to provide pre-suit notice. The *Chemtrol* court did *not* hold that section 1302.65(C)'s requirement that notice be provided "within a reasonable time" may be disregarded whenever the purposes of the notice requirement are able to be fulfilled despite the lack of pre-suit notice. *Chemtrol*'s holding also negates Plaintiff's argument that her complaint is adequate notice, because pre-suit notice would not have enabled Defendants to cure the alleged breach. The *Chemtrol* court did *not* hold that whenever an opportunity to cure the breach prior to litigation would be futile, the filing of a complaint satisfies the notice requirement. As such, *Chemtrol*'s application to this case refutes Plaintiff's arguments.

Finally, Plaintiff has misplaced her reliance on *Galoski*. There, and unlike in this case, the court had not yet determined whether the plaintiff could establish that the defendant had actual knowledge of the defect prior to the filing of the suit. Here, by contrast, Plaintiff has no similar evidence and has never professed to be able to establish actual knowledge of the alleged breach by Defendants prior to the filing of her complaint. Moreover, in *Galoski*, the court held that the plaintiff could not maintain her claims for both warranty and fraud since the only injury alleged was the loss of the value of the allegedly defective product. The *Galoski* court therefore dismissed the plaintiff's fraud claim. *Galoski*, 2015 WL 5093443, *7. Thus, under Galoski, Plaintiff's fraud claim would require dismissal for reasons unrelated to those set forth herein. For these reasons, and those set forth in Defendants' Memorandum in Support of its

Motion for Summary Judgment, Plaintiff's complaint is "inadequate notice as a matter of law," and the Court should grant summary judgment in favor of Defendants accordingly.

## CONCLUSION

WHEREFORE, Defendants, BHH, LLC, VAN HAUSER, LLC, and E. MISHAN AND SONS, INC., respectfully request that the Court enter an order granting summary judgment in their favor and against Plaintiff Jeanne Steigerwald. Defendants additionally respectfully request that the Court afford the parties the opportunity to present oral argument on Defendants' Motion for Summary Judgment.

Respectfully submitted,

**BHH, LLC, VAN HAUSER, LLC,
and E. MISHAN AND SONS, INC.**

By:     */s/ Robert Ostojic*
            One of Their Attorneys

Robert Ostojic
Howard B. Randell

Scott Wing
LEAHY, EISENBERG & FRAENKEL, LTD.
33 West Monroe Street, Suite 1100
Chicago, Illinois 60603
Tel. (312) 368-4554

*Counsel for Defendants
BHH, LLC, VAN HAUSER, LLC,
and E. MISHAN AND SONS, INC.*