UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jeanne Steigerwald, Individually and on behalf of all others similarly situated, | ) ) | CASE NO.1:15 CV 741 |
| Plaintiff, | ) ) | JUDGE PATRICIA A. GAUGHAN |
| Vs. | ) ) | |
| BHH, LLC, et al., | ) ) | Memorandum of Opinion and Order |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon Interested Party Joanne Hart's Motion for Leave to Intervene (Doc. 28). This case involves consumer sales of electronic pest control devices which plaintiff alleges do not repel pests. For the following reasons, the motion is DENIED.

**Facts**

Plaintiff Jeanne Steigerwald filed this Class Action Complaint in April 2015 against defendants BHH, LLC; Van Hauser, LLC; and E. Mishan and Sons, Inc dba Emson, Inc. The Complaint originally asserted five claims. In briefing on a prior motion to dismiss, plaintiff stated that she was not pursuing Counts Three and Five. The Court granted the motion to dismiss

1

as to Count One and denied it as to Counts Two and Four.  Accordingly, those two claims remain: fraud and breach of express warranty.  A non-expert merits discovery and class discovery deadline was set for November 1, 2015. On February 22, 2016, the Court granted plaintiff's Motion for Class Certification as requested therein. Thereafter, an expert discovery deadline was set for August 10, 2016, and dispositive motions were due by September 10, 2016. Defendants filed their Motion for Summary Judgment and a Motion to Exclude the Testimony of Plaintiff's Proffered Expert Witness.  Plaintiff has opposed both motions.  This matter is currently scheduled for a settlement conference on December 12, 2016.

Joanne Hart, a resident of California, has moved to intervene in this action.  Hart submits a Proposed Class Action Complaint in Intervention which asserts two claims: breach of express warranty (Count One) and fraud (Count Two).  Hart seeks to represent two classes:

> a class of all persons who purchased one or more ultrasonic pest repellers during the putative class period, including, but not limited to, the Bell and Howell branded ultrasonic pest repellers from April 16, 2011 to April 16, 2015, on a nationwide basis, except Louisiana and North Dakota (the "Fraud Class").
>
> a class of all persons who purchased one or more ultrasonic pest repellers during the putative class period, including, but not limited to, the Bell and Howell branded ultrasonic pest repellers from April 16, 2011 to April 16, 2015, in the states of Alaska, California, Colorado, District of Columbia, Iowa, Kansas, Maine, Minnesota, New Hampshire, New Jersey, North Carolina, Ohio, Oklahoma, and Texas (the "Breach of Express Warranty Class").

(Doc. 28 Ex. 2)[1]

---

[1] In its prior Order, this Court granted certification as requested by plaintiff: "A class of all persons who purchased one or more ultrasonic pest repellers manufactured and/or marketed by Defendants during the putative class period, including, but not limited to, the Bell and Howell branded ultrasonic pest repellers from April 16, 2011 to April 16, 2015." And, "a class of all Ohio residents: who purchased one or more ultrasonic pest control devices manufactured and/or marketed by Defendants during the putative class period, including, but not

Hart filed a putative consumer class action against defendants BHH, LLC and Van Hauser, LLC in the Southern District of New York on June 19, 2015, Case No. 1:15 CV 4804.[2] In ruling on a motion to dismiss, that court dismissed claims under the Magnuson-Moss Warranty Act and for unjust enrichment. Claims under the California Consumers Legal Remedies Act, California Unfair Competition Law, and California False Advertising Law (all of which the court stated sounded in fraud) as well as breach of express warranty survived the motion. (Doc. 36) Hart's lawyer in that action, Yitzchak Kopel, submits a Declaration herein where he states the following. On October 21, 2015, he filed a motion to compel discovery responses and document productions. The judge granted the motion. Defendants then produced fewer than 400 pages and no emails. On February 3, 2016, Kopel took Jeffrey Mishan's (Vice President of Mishan & Sons, Inc. and Van Hauser, LLC and managing partner at BHH, LLC) deposition. His testimony showed that defendants had only produced documents for one model of their pest repellers. Kopel indicated at the conclusion of the deposition that significant amounts of evidence had been withheld. On February 15, 2016, counsel for defendants stated in an email that all documents that had been produced in the *Steigerwald* case had been produced in the New York action. Shortly thereafter, Hart filed a second motion to compel. Defendants filed

---

limited to, the Bell and Howell branded ultrasonic pest repellers from April 16, 2011 to April 16, 2015." (Doc. 24 at 4-5) Plaintiff requested that the Court certify the proposed class for fraud in Ohio and on a national basis except Louisiana and North Dakota, and for breach of express warranty for Ohio, Alaska, California, Colorado, District of Columbia, Iowa, Kansas, Maine, Minnesota, New Hampshire, New Jersey, North Carolina, Oklahoma, and Texas. (*Id.*)

[2] The Court has access to the docket of the United States District Court for the Southern District of New York and takes judicial notice of the documents.

a pre-motion letter notifying the court that class certification had been granted in the *Steigerwald* case and requesting that the action be stayed in favor of that case. Plaintiff filed an opposition letter, noting that she would only seek certification of her California consumer protection claims and not the breach of express warranty in the New York action.[3] The court held a hearing and plaintiff's counsel notified the judge that the *Steigerwald* class certification Order stated that there were 107,000 units sold for a total of about $890,000.[4] Defense counsel did not dispute this statement.  These figures represent only one model of pest repeller sold by defendants. After the motion to compel was granted, defendants produced records and emails in June and July 2016 showing net sales of $22,436,150.90 from 2011 to 2016, 10 tests of pest repellers, and that 22 varieties of pest repellers were actually sold by defendants. (Kopel decl.)

This matter is now before the Court upon Interested Party Joanne Hart's Motion for Leave to Intervene.  Defendants and plaintiff have opposed the motion.

**Discussion**

Hart seeks to intervene pursuant to Fed.R.Civ.P. 24(a)(2) and 24(b)(1)(B) which state:

**(a) Intervention of Right**. On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or

---

[3] Hart states it was assumed that she would be adequately represented here on her breach of express warranty claim.

[4] The Order granting class certification stated, "Between 2011 and June 2015, defendant sold 107,782 ultrasonic pest repellers which amounted to $897,745 in sales."

4

impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

**(b) Permissive Intervention.**

**(1) In General**. On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or

(B) has a claim or defense that shares with the main action a common question of law or fact.

Hart, a class member of the herein action, maintains that *Steigerwald,* the existing class representative, and her counsel are not representing Hart's interests in this action because they failed to uncover documents (despite having notice that the documents existed) which show that defendants had more than $22.4 in sales of 22 varieties of pest repellers during the class period, rather than $897,745, and that there were 10 tests of the pest repellers that had not been addressed by expert witnesses. Hart also requests that this Court "reopen discovery in this matter in order to provide Class members with the opportunity for a full, fair, and proportional opportunity to obtain necessary discovery."[5] (Doc. 28 at 6) Alternative to intervention, Hart asks the Court to narrow the Class to the one variety of pest repeller upon which defendants provided discovery to plaintiff herein, assuming that is the variety purchased by plaintiff.[6] Hart would then be free to pursue the claims on behalf of herself and purchasers of the other 21 varieties in the New York action. Finally, Hart maintains that if intervention is not granted and discovery reopened, this Court will be required to dismiss for lack of subject matter jurisdiction because

---

[5] Hart states that her counsel intends to request additional documents, take additional depositions, and serve interrogatories and requests to admit.

[6] Hart notes that this Court certified a class of purchasers of all varieties of the devices.

5

the $897, 745 in controversy falls short of the $5 million minimum required by CAFA.[7]

To intervene as of right, a proposed intervener must establish: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court."  *U.S. v. Tennessee,* 260 F.3d 587 (6th Cir. 2001) (citations omitted).

**(1) timeliness**

 In determining timeliness, courts in the Sixth Circuit consider five factors:

> 1) the point to which the suit has progressed; 2) the purpose for which intervention is sought; 3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; 4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and 5) the existence of unusual circumstances militating against or in favor of intervention.

*Blount-Hill v. Zelman*, 636 F.3d 278, (6th Cir. 2011) (citing *Jansen v. City of Cincinnati,* 904 F.2d 336, 340 (6th Cir.1990)). Plaintiff and defendant oppose Hart's request on the basis that it is untimely.  Plaintiff asserts that Hart only took a "wait and see approach" to see what would happen in Ohio. Defendant asserts that the "point to which the suit has progressed" is too advanced and would cause significant disruption, needless repetition of aspects of the case, delay, and would overly complicate the already well-defined issues. Hart contends any prejudice in this regard is outweighed by the fact that intervention will benefit the existing class representative since she is not being adequately represented by her counsel. Furthermore, without intervention absent class members will be bound by a disposition resulting from

---

[7] Plaintiff does not address the narrowing of the Class argument or whether there is subject matter jurisdiction.

inadequate representation.

The Court finds the application to intervene is untimely given the extent to which this suit has progressed and the extreme delay which would result if intervention is allowed. This lawsuit was filed in early 2015, all discovery has been completed, and a dispositive motion is ripe for ruling.  In addition, for the reasons stated below, the Court does not find that Steigerwald's counsel has demonstrated an inability to adequately represent the class.

**(2) substantial interest in the case**, **impairment, and inadequate representation**

The Court assumes a substantial interest based on Hart's claims for breach of express warranty and fraud. Hart asserts that the existing class representative and her counsel are not adequately representing her interests or those of the rest of the absent class members for the reasons discussed above. Plaintiff states that her counsel has recently obtained the class sales information, emails, and scientific studies.[8]  And, Hart does not assert that plaintiff's counsel will not properly use the information.  Plaintiff points out that it was defendant that told her counsel and the Court that there was less than $900,000 in actual sales for the class the Court was certifying.

Plaintiff maintains that Hart is only attempting to replace her own counsel with certified class counsel, Patrick Perotti and the members of his firm. Plaintiff asserts that Hart cannot claim

---

[8] Plaintiff states elsewhere that Hart's counsel contacted plaintiff's counsel and "demanded to be placed as counsel on this certified class and receive more than half of any fee in this case, claiming they had documents and information which had been withheld. [Plaintiff's counsel] rejected that demand and asked to receive the material if counsel were truly interested in justice.  Hart's counsel refused to provide them. However, all the materials were then provided by Defendant to [plaintiff's counsel].  The missing items which triggered Hart's motion here, are no longer missing."  (Doc. 30 at 15)

7

an impaired interest on the fraud claim since she did not assert it in the New York action. Nor can she claim an impaired interest on the breach of warranty claim as she is litigating it herself in New York.

Moreover, plaintiff contends that Hart's rights are within her total control and are being litigated in the New York action. The classes certified here are opt-out classes where Hart is not forced to remain. If Hart wanted to litigate here, she should have dismissed her action.[9] Because she has the right to opt-out, she cannot create a need for intervention by remaining in this suit which she thinks is being run improperly.

As plaintiff notes, proposed intervenors bear the burden of demonstrating inadequate representation and overcoming the presumption of adequacy, and the Sixth Circuit looks to several factors: "(1) whether there is collusion between the representative and an opposing party; (2) whether the representative fails in the fulfillment of its duty; and (3) whether the representative has an interest adverse to the proposed intervenor." *Ohio v.United States Environmental Protection Agency*, 313 F.R.D. 65 (S.D. Ohio 2016) (citing *Triax Co. v. TRW, Inc.*, 724 F.2d 1224 (6th Cir.1984)). "A disagreement over litigation strategy, however, does not establish inadequate representation." *Id.* (citing *Bradley v. Milliken*, 828 F.2d 1186 (6th Cir.1987)). Plaintiff asserts that Hart has the same interests as Steigerwald and the certified class, and Hart does not claim collusion or adverse interest. As discussed, she claims improper handling of the suit by the late disclosure of information which plaintiff's counsel states has now

---

[9] Hart states that she intends to seek dismissal of her individual claim for breach of express warranty in New York before filing her complaint in intervention here.

been obtained.[10]

The Court agrees with plaintiff that impairment and inadequate representation have not been established. Plaintiff's counsel states that it has received the information at issue and despite Hart's assertion that plaintiff's counsel "are sure to continue to [inadequately prosecute] in the absence of intervention," (Doc. 28 at 9) it has not been shown that counsel will not properly use the information.

The Court finds that intervention of right is not warranted. Nor is permissive intervention warranted where Hart is seeking to intervene to certify the same class already certified.

**Conclusion**

For the foregoing reasons, Interested Party Joanne Hart's Motion for Leave to Intervene is denied.

IT IS SO ORDERED.

   /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/8/16

---

[10] Plaintiff also presents arguments regarding claim splitting and forum shopping which the Court need not address.